Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
MELBA BUSH

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELBA BUSH, | ) Case No.: |
| | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | ) **JURY TRIAL** |
| | ) |
| v. | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| | ) |
| MIDLAND CREDIT | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

MELBA BUSH (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

3. Count III of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court over Counts I and II or Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

6. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

8. Plaintiff is a natural person residing in Ceres, Stanislaus County, California.

9. Defendant is a business entity with a principal place of business in San Diego, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

11. In or around June of 2013, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13. Defendant places collection calls from telephone numbers, including, but not limited to, 877-411-5551.

14. Defendant places collection calls to Plaintiff's cellular telephone at phone number 209-404-05XX.

15. Per its prior business practices, each of Defendant's calls were placed using an automatic telephone dialing system.

16. On at least one occasion, Plaintiff spoke with Defendant's representative, informed Defendant that she could not pay the alleged debt, and requested that Defendant cease placing collection calls to Plaintiff's cellular phone.

17. Plaintiff revoked any consent, express, implied or otherwise, to receive automated collection calls from Defendant on her cellular telephone

18. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff, including but not limited to the following:
    - June 15, 2014: one (1) call;
    - June 16, 2014: one (1) call;
    - June 17, 2014: one (1) call;
    - June 18, 2014: three (3) calls;
    - June 19, 2014: one (1) call;
    - June 20, 2014: one (1) call;
    - June 21, 2014: one (1) call;
    - June 22, 2014: two (2) calls;
    - June 23, 2014: one (1) call;
    - June 24, 2014: one (1) call;
    - June 25, 2014: two (2) calls;
    - June 26, 2014: three (3) calls;

- June 27, 2014: three (3) calls;
- June 28, 2014: one (1) call;
- June 29, 2014: three (3) calls;
- June 30, 2014: one (1) call

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy Plaintiff;

WHEREFORE, Plaintiff, MELBA BUSH, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with

Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq*., to wit:

  1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;
  2. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, MELBA BUSH, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC. for the following:

25. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),
26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and
27. Any other relief that this Honorable Court deems appropriate.

## COUNT III

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT**

28. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).
29. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, MELBA BUSH, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC. for the following:

30. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

31. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

32. All court costs, witness fees and other fees incurred; and

33. Any other relief that this Honorable Court deems appropriate.

DATED:  September 15, 2014

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/ <u>Ryan Lee</u>
Ryan Lee
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MELBA BUSH, demands a jury trial in this case.